TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:  (212) 354-0025
Fax:  (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLIPPER SHIPPING LINES LTD.,

                    Plaintiff,

    -against-

GLOBAL TRANSPORTE OCEANICO S.A.,

                    Defendant.
------------------------------------------------------------X



06 Civ.
ECF CASE

JUDGE LEISURE
06 CV 15299

## VERIFIED COMPLAINT

Plaintiff, CLIPPER SHIPPING LINES LTD. (hereinafter referred to as "CLIPPER" or "Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, GLOBAL TRANSPORTE OCEANICO S.A. (hereinafter referred to as "GTO" or "Defendant") alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and also this Court's federal question jurisdiction, 28 United States Code § 1331.

2.     At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Liberia with a principal place of business in Monrovia.

3.Upon information and belief, Defendant GTO was, and still is, a foreign corporation or other business entity organized under and existing by virtue of the laws of Brazil, with a registered office at Rua Sao Bento, 8/3rd floor, Rio de Janeiro, Brazil.

4.By a Joint Operational Agreement (hereinafter the "Agreement") dated January 25, 2001 between the Plaintiff and the Defendant, the CLIPPER and GTO contracted to operate a liner service between the East Coast of South America and West Africa.

5.During the course of the Agreement, certain disputes arose between the parties for freight withheld by the Defendant in breach of the Agreement as well as Defendant's failure to make good on the loss sustained on the joint venture.

6.As a result of GTO's breach of the Agreement, Plaintiff has sustained damages in the total principal amount of $1,291,332.41, exclusive of interest, arbitration costs and attorneys fees.

7.The Agreement provides that disputes will be settled by the International Court of Arbitration.

8.GTO has commenced arbitration pursuant to Article 4 of the Rules of Arbitration of the International Court of Arbitration.

9.Interest, costs and attorneys' fees are routinely awarded to the prevailing party in International Court of Arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | On the principal claim: | $1,291,332.41 |
| B. | 3 years of interest at 6% per annum compounded quarterly: | $252,860.02 |
| C. | Attorneys fees and arbitration costs: | $100,000.00 |
| | Total: | $1,644,192.40 |

2

10. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York and/or Standard Chartered Bank, which are believed to be due and owing to the Defendant.

11. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-Amro, HSBC (USA), Bank of America, Wachovia, Citibank, American Express

3

Bank, J.P. Morgan Chase, Bank of New York and/or Standard Chartered Bank which are due and owing to the Defendant, in the amount of $1,644,192.40 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: December 19, 2006
New York, NY

The Plaintiff,
CLIPPER SHIPPING LINES LTD.,

By: _____
Nancy R. Peterson (NP 2871)
Lauren C. Davies (LD 1980)
Patrick F. Lennon (PL 2162)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
npeterson@tisdale-lennon.com
ldavies@tisdale-lennon.com
plennon@tisdale-lennon.com

4

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an associate in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:  Fairfield, Connecticut
        December 19, 2006

                                            _____
                                            Nancy R. Peterson