BLANK ROME LLP
Attorneys for Defendant
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CLIPPER SHIPPING LINES LTD.,<br><br>Plaintiff,<br>- against -<br><br>GLOBAL TRANSPORTE OCEANICO S.A.,<br><br>Defendant. | 06 CV 15299 (PKL) |

## VERIFIED ANSWER AND COUNTERCLAIM UNDER ADMIRALTY RULE E(7) OF SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Global Transporte Oceanico S.A. ("Global") answers the Rule B complaint of Clipper Shipping Lines Ltd. ("Clipper" or "Plaintiff") and states as follows upon information and belief:

1.    Admits the allegations in Paragraph 1 of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3.    Admits the allegations in Paragraph 3 of the Complaint.

900200.00001/6515592v.1

4.      Admits the allegations in Paragraph 4 of the Complaint.

5.      Admits that disputes arose under the Agreement but otherwise denies the allegations in Paragraph 5 of the Complaint.

6.      Denies the allegations in Paragraph 6 of the Complaint.

7.      Admits the allegations in Paragraph 7 of the Complaint.

8.      Admits the allegations in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint is a legal conclusion that Defendant is not obliged to answer or deny.

10.     Paragraph 10 is a legal conclusion that Defendant is not obliged to answer or deny.

11.     Paragraph 11 is a legal conclusion that Defendant is not obliged to answer or deny.

## AFFIRMATIVE DEFENSES

### FIRST

1.      The Court lacks personal jurisdiction over Defendant which is specifically not waived by an appearance herein pursuant to Supplemental Rule E(8).

### SECOND

2.      The Complaint fails to state a cause of action upon which relief may be granted.

### THIRD

3.      The Complaint must be stayed or dismissed under 9 U.S.C. § 1 et seq. and §§ 201, et seq. in favor of the ICC Arbitration.

-2-

## AS AND FOR A COUNTERCLAIM UNDER SUPPLEMENTAL RULE E(7)

4.    Global entered into a joint venture agreement with Clipper dated on or about January 25, 2001 (the "JVA"). The JVA is the same agreement as referenced in paragraph 4 of the Verified Complaint.

5.    As Global alleges, Global has commenced an arbitration before the International Court of Arbitration (the "ICC Arbitration").

6.    Global has nominated an arbitrator in the ICC Arbitration and makes this application for security on its counterclaim strictly without prejudice to the ICC Arbitration.

7.    A true copy of Global's First Witness Statement dated September 19, 2006 is attached to the Harwood Declaration as Exhibit 1.

8.    As stated therein at Schedule 1, page 19, the following sums are in dispute between the Plaintiff and the Defendant :

| Item | Amount (US$) |
|---|---|
| Legal Fees – SEC – 6 x instalments of US$40,800 | 244,800.00 |
| Balance due to NDS – any sum above US$221,605 | 63,500.00 |
| TAM Balance | 102,000 |
| Balance to SEnamar | 247,100.00 |
| CSL overhead Jan07 to end | 120,000.00 |
| **Total** | **777,400.00** |

9.    Further as stated therein at paragraph 54, page 15, in respect of monetary relief, as closely as now may be determined, Global seeks:

-3-

| Claim | Amount (US$) |
|---|---|
| Diversion | 120,000 |
| Misplacement of empty containers | 84,000 |
| Cargo taken into Clipper's new service | 40,000 |
| Misappropriated bunkers on ARETI and ANAIS | 553,643 |
| Misappropriated bunkers on CLIPPER IPANEMA and ITAJAI | 178,000 |
| Unjustified Payments | 60,000 |
| Off Hire | 52,215.50 |
| **TOTAL** | **1,087,858.50** |

10.     Global has a monetary claim in a sum as presently may be determined of at least $1,865,258.50 issuing from the JVA.

11.     As asserted in the Verified Complaint, paragraph 9, Global is entitled to an award of interest and legal fees and costs in the ICC arbitration which it calculates as follows:

| | | |
|---|---|---|
| A. | Principal Claim: | $1,865,258.50 |
| B. | 3 years interest at 6% p.a.: | $  111,915.48 |
| C. | Attorneys' and arbitrators' fees and costs: | $    100,000 |
| | TOTAL | $2,077,173.90 |

12.     Global is therefore entitled to counter-security in the sum of $2,077,173.90.

13.     As shown in the January 5, 2007 (Harwood Dec. Ex. 2) fax of Global's UK counsel to Clipper's UK counsel Global has requested Clipper escrow the sum of $2,948,664 in respect of further amounts owing under the Agreement.

-4-

14.    Global reserves its rights to alter and amend its counterclaims to seek further and additional security from Plaintiff and others that may be liable.

Date:  New York, New York
       January 26, 2007

Respectfully submitted,

BLANK ROME LLP

By:  _____
     Jeremy J.O. Harwood
     405 Lexington Avenue
     New York, New York 10174
     (212) 885-5000

*Attorneys for Defendant*

-5-

STATE OF NEW YORK     )
                           : ss.:
COUNTY OF NEW YORK  )

## VERIFICATION

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1.      That he is a member of the firm of Blank Rome LLP attorneys for the defendant Global Transporte Oceanico S.A. herein; that he has read the foregoing Answer and Counterclaim and knows the contents thereof and that the same is true to the best of his knowledge, information and belief.

2.      That the reason this verification is made by deponent and not by Owner is that Owner is a corporation, no officers or directors of which are now within this district.

3.      The sources of deponent's information and the grounds for his belief are statements made by and documents received from Owner's representatives.

JEREMY J.O. HARWOOD

Sworn to before me this
26th day of January, 2007

Notary Public

RALPH D. MOSLEY JR.
Notary Public, State of New York
No. 52-4796827
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires

900200.00001/6515592v.1