BLANK ROME LLP
Attorneys for Defendant
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLIPPER SHIPPING LINES LTD.,<br><br>Plaintiff,<br><br>- against -<br><br>GLOBAL TRANSPORTE OCEANICO S.A.,<br><br>Defendant. | 06 CV 15299 (PKL) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GLOBAL TRANSPORTE OCEANICO S.A.'S COUNTERCLAIM FOR SECURITY FOR ITS ADMIRALTY COUNTERCLAIM UNDER RULE E(7) OF SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Global Transporte Oceanico S.A. ("Global") hereby counterclaims and seeks security thereon, pursuant to Admiralty Rule E(7) from plaintiff Clipper Shipping Lines Ltd. ("Clipper) and respectfully shows:

## **THE RELEVANT FACTS**

The relevant facts are stated in the accompanying declaration of Jeremy J.O. Harwood dated January 26, 2007 and in the verified answer and counterclaim dated January 26, 2007 ("Counterclaim") to Plaintiff's complaint dated December 19, 2006 ("Verified Complaint").

1. Global entered into a joint venture agreement with Clipper dated on or about January 25, 2001 (the "JVA"). The JVA is the same agreement as referenced in paragraph 4 of the Verified Complaint.

2. As Global alleges, Global has commenced an arbitration before the International Court of Arbitration (the "ICC Arbitration").

3. Global has nominated an arbitrator in the ICC Arbitration and makes this application for security on its counterclaim strictly without prejudice to the ICC Arbitration.

4. A true copy of Global's First Witness Statement dated September 19, 2006 is attached to the Harwood Declaration as Exhibit 1.

5. As stated therein in respect of monetary relief, as closely as may now be determined, Global seeks monetary relief in the sum of $1,865,258.50 and security for its counterclaim, as stated in the counterclaim, in the sum of $2,077,173.90. Counterclaim ¶¶ 11-12.

6. Global specifically reserves its rights to alter and amend its counterclaims to seek further and additional security from Plaintiff and others that may be liable.

## DISCUSSION

### POINT I

**PURSUANT TO ADMIRALTY, MARITIME CLAIMS, SUPPLEMENTAL RULES (E)7, DEFENDANT REQUESTS THAT AN ORDER BE ENTERED COMPELLING PLAINTIFF TO POST COUNTER SECURITY FOR ITS COUNTERCLAIM**

Defendant has the right to countersecurity, which is to be posted by plaintiff to cover the amounts of damages as alleged in Arbitration Submission, as specifically authorized by Rule E(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims.

Rule E(7) provides in pertinent part:

(7) Security on Counterclaim.

(a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit such security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise direct.

3

The concept of security existed from the very first set of rules for American admiralty courts, and continues to this date with little substantive change, even after the merger of law and admiralty in 1966; although admiralty's classic and ancient phraseology of libels and cross-libels was replaced with the more common terminology of claims and counterclaims, Rule E(7) retained the essence of former Admiralty Rule 50. Titan Nav., Inc. v. Timsco, Inc., 808 F.2d 400, 402-403 (5th Cir. 1987).

The rule is straightforward. When the defendant posts security to guarantee payment of an adverse judgment, usually by posting an LOU or a bond to secure release of a vessel, the plaintiff is required to furnish security for the satisfaction of the counterclaim. The language of the rule is automatic, if not absolute, and entitles the defendant to invoke countersecurity, even if its counterclaims are not based in admiralty. Titan, supra, 808 F.2d at 402. The intent of the rule is manifest; it is "to place the parties on an equality as regards security." Id. quoting Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638-39, 44 S.Ct. 220, 223-24, 68 L.Ed. 480 (1924).

## CONCLUSION

WHEREFORE, Defendant respectfully requests that Plaintiff be ordered, pursuant to Supplemental Rule E(7) to post a bond or other security

satisfactory to the Court in the sum of $2,077,173.90 and for such other relief as is fair and equitable.

Date: New York, New York
      January 26, 2007

                                        Respectfully submitted,

                                        BLANK ROME LLP

                                        By: _____
                                                Jeremy J.O. Harwood
                                                405 Lexington Avenue
                                                New York, New York 10174
                                                (212) 885-5000

                                        *Attorneys for Defendant*