# HOLMAN, FENWICK & WILLAN

Marlow House
Lloyds Avenue
London EC3N 3AL

holmans@hfw.co.uk
Telex 8812247 HFWLON
DX 1069 London City EC3

TEL +44 (0) 20 7488 2300
FAX +44 (0) 20 7481 0316

www.hfw.com

Please contact us immediately if all pages are not received.
Total Pages including this sheet 3

Direct Line: +44 (0)20 7264 8227
Email: jean.koh@hfw.co.uk

| | | |
|---|---|---|
| DATE | : | 5 January 2007 |
| TO | : | Richards Butler |
| ATTN | : | William Howard / Marcus Dodds/Lindsay East |
| YR. REF. | : | MPD/LTE/WAH/1018201 |
| FAX NO | : | 020 7539 3359 |
| FROM | : | Jean Koh / James Gosling |
| OUR REF. | : | JBK/JCG/335 |
| RE | : | Global Transporte Oceanico SA v. Clipper Shipping Lines ICC Arbitration 14423/AVH |

SECOND FAX

We refer to your faxes of 29 December.

Your clients' suggestion that the amount of US$748,084.29 be paid into the JV account is rejected. It is not the easy way to deal with this amount and in the light of your clients' extremely pessimistic projection of the JV results with which our clients do not agree, there is a serious risk that these funds, which rightly belong to our clients, will be misapplied and misused if they were paid into the JV account. The suggestion is also disingenuous given that there is already in place an attachment order over our clients' accounts in Switzerland and we are aware that your clients have further obtained a rule B attachment order against our clients in the US, which application does not appear to mention the attachment order in Switzerland. In the light of the attachment order in Switzerland, and our clients' proposal contained in our fax of 22 December, it is unjustifiable for your clients to maintain their Rule B attachment order.

We repeat our client's proposal contained in our fax of 22 December, namely that they will provide a standby letter of credit in an amount covering the JV funds currently withheld by them i.e. US$ 748,084.29, on the condition that

(a) your clients make arrangements to lift the attachment order on our clients' bank accounts in Switzerland immediately and at their own expense; and

Confidentiality Notice
This fax (and any attachments) is confidential and may be privileged. It may be read, copied and used only by the intended recipients, and must not be re-transmitted in an amended form without our consent. If you have received it in error, please notify us immediately. Please then destroy it and do not disclose its contents to anyone.

Paris        Rouen        Piraeus        Dubai        Hong Kong        Shanghai        Singapore        Melbourne

(b) your clients deposit into an escrow account to be held jointly by the parties' solicitors, the sum of US$2,948,664.86 representing

   (i) US$777,440 - the disputed sums listed in Schedule 1 of our application dated 19 September;

   (ii) US$150,377.95 – Bunkers belonging to the JV on "Areti 1" and "Anais" which has been accounted for at the charterparty prices instead of their actual prices;

   (iii) US$502,846.91 – the container results for 2006 your clients have collected;

   (iv) US$900,000 – estimated container results for 2005 to be received from Casa Militar;

   (v) US$244,000 – sums due to or lost by the JV as a result of your clients' misappropriation of JV business. See paragraphs 8 to 11 of Schedule 2 of our clients' application;

   (vi) US$356,000 – bunkers misappropriated by your clients from the JV on "Clipper Ipanema" and "Clipper Itajai". See paragraphs 14 to 15 of our clients' application.

   (vii) US$18,000 – a provision for our clients' container tracking costs (US$3,000 per month) for the period from December 2006 to the end of the JV wind down.

We repeat that the sums listed above relate only to disputed sums payable to or belonging to the JV, and not items relating to any claims our clients have against your clients.

(c) In addition, our clients require your clients' continued undertaking that they will not pay out any sums above US$10,000 to any third party without seeking our clients' prior agreement, consent not to be unreasonably withheld.

(d) In consideration of the above, our clients will not pursue any costs order against your clients in relation to their "interim interim" application and for dealing with the foreign proceedings. Our clients will also refrain from making a further application for interim relief against your clients.

In addition, your clients should make immediate arrangements to vacate the Rule B attachment order against our clients in the US and at their own expense.

We should be grateful if you can revert with your clients' agreement or counter proposal on the above as soon as possible.

As for your clients' repeated suggestion that our clients audit the JV accounts in Houston, our clients will audit the JV accounts in Houston at the appropriate time, if necessary. However, any attendance to audit the JV accounts will have to be preceded by proper preparation, which involves, amongst other things, reviewing the various documentation we have requested from you.

With respect to your clients auditing Global's accounts in Brazil, we cannot see the point of such an exercise given that our clients do not have any records of the JV accounts nor do they perform any

accounting or financial operations for the JV, save in respect of the JV's containers. Your clients are the sole party who managed and controlled the JV's accounts. As for Global's records on the JV containers, you will be aware that your clients have already been afforded unconditional access to our clients' offices and that your client's employee, Denise Mendonça, has attended Global's offices on several occasions between June and October 2006 during which she received all the information and documents she required and requested. Perhaps you can advise as to exactly what accounts your clients wish to audit and the reason for their request. We can then consider it with our clients.

Lastly, as you know, our clients have already paid US$30,000 of their share of the advance costs fixed by the ICC and they have every intention to pay the balance. Can you please advise whether or not your clients have made payment of their share of the advance costs?

We look forward to hearing from you.

Kind regards,

**HOLMAN FENWICK & WILLAN**
HFWLDN\3776617-1