UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLIPPER SHIPPING LINES LTD.,                :
                                            :
                Plaintiff,                  :
                                            :   06 Civ. 15299 (PKL)
        - against -                         :
                                            :   **ECF CASE**
GLOBAL TRANSPORTE OCEANICO S.A.,            :
                                            :
                Defendant.                  :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO MOTION FOR COUNTERSECURITY

Plaintiff, Clipper Shipping Lines Ltd. (hereinafter "Clipper" or Plaintiff), by its undersigned counsel, Tisdale & Lennon, LLC, files the within Memorandum of Law in Opposition to Defendants' Motion for Counter Security.

## BACKGROUND

For the reasons that follow, Defendants' motion for countersecurity should be granted to the limited extent of providing Defendant with an equivalent amount of security as that in Plaintiff's favor. Defendant is trying to "game" the system with its motion seeking countersecurity in the sum of $2,077,173.90 under circumstances where Plaintiff has obtained security for its claims against the Defendant in the modest sum of $154,597.43.[1] Defendants would have the Court award it over Two Million dollars in countersecurity despite the fact that Plaintiff has obtained security for its competing claims in a sum less than Two Hundred Thousand dollars. Such a result would be highly inequitable as well as in derogation of the Supplemental Admiralty Rules and interpretive case law.

---

1   Plaintiff has attached Defendant's property as follows: $91,277.00 at ABN Amro Bank on December 27, 2006; and $63,370.73 at Citibank on December 22, 2006.

By way of background, Plaintiff and Defendant have both asserted claims against each other arising out of a Joint Venture Agreement. Plaintiff's claims are set out in the Verified Complaint. Pursuant to Supplemental Admiralty Rule B, Plaintiff sought and obtained an Ex Parte Order for Process of Maritime Attachment and Garnishment in the sum of $1,644,192.40. *See Ex Parte Order dated December 19, 2006.* In its Answer and Counterclaim, Defendant alleges counterclaims against Plaintiff and seeks countersecurity in the sum of $2,077,173.90. For the purposes of Defendant's Motion for Countersecurity Plaintiff concedes that both parties claims arise out of the same Joint Venture Agreement. Also for the purposes of Defendant's Motion for Countersecurity Plaintiff does not assert that Defendant's counterclaims are frivolous.

## ARGUMENT

## DEFENDANT IS NOT ENTITLED TO FULL COUNTERSECURITY BECAUSE IT HAS NOT PROVIDED FULL SECURITY FOR PLAINTIFF'S CLAIMS

Supplemental Admiralty Rule E(7) governs Defendants' Motion for Countersecurity. Rule E(7)(a) provides as follows:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security have been given must give security for damages demanded in the counterclaims unless the court for good cause shown, directs otherwise.

Supplemental Admiralty Rule E(7)(a).

Here, Defendant has not provided any security for Plaintiff's claims, although Plaintiff has managed to attach Defendant's property in the sum of $154,597.43 by service of the December 19, 2006 Ex Parte Order on garnishees within the District in possession of Defendant's property. By failing to mention at all in its motion papers that Plaintiff is secured only in the sum of $154,597.43, Defendant seeks to convince the Court to exercise its discretion

2

and grant it counter security in the sum of $2,077,173.90, on the false premise that the Plaintiff has already obtained full security for its claims.

While Rule E(7) may "initially appear[] to make the posting of countersecurity mandatory whenever its conditions are satisfied, the . . . [rule] makes clear that the trial court possesses broad discretion in deciding whether to order countersecurity under such conditions." See *Result Shipping*, 56 F.3d at 399 (2d Cir. 1995) (citing *Afram Lines International, Inc. v. M/V Capetan Yiannis*, 905 F.2d 347, 349 (11th Cir. 1990); *Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 403 (5th Cir. 1987); and 7A James W. Moore et al., Moore's Federal Practice P E.15, at E-756 (2d ed. 1995)).

In *Result Shipping,* the Second Circuit continued, stating: "in exercising this discretion, the court should be guided primarily by two principles, which sometimes conflict with one another. On the one hand, the purpose of Rule E(7) is 'to place the parties on an ***equality*** as regards security, . . . which usually favors granting countersecurity when a defendant whose property has been attached asserts non-frivolous counterclaims growing out of the same transaction, especially when the counterclaimant could have proceeded *in rem* or *quasi in rem* in an independent suit. On the other hand, the Rule is not intended to impose burdensome costs on a plaintiff that might prevent it from bringing suit." *Id.* at 399-400 (citations omitted)(emphasis added).

Quoting *Titan Navigation* (the principal case Defendant relies upon in its motion papers), the *Result Shipping* Court summarized that "[i]n balancing these policies, the trial court

> is to be guided by the essential and ***equitable*** purposes of the rule. In doing so, the court must weigh the importance of the security interest giving rise to the initial seizure, and the burden of posting countersecurity, against the potential injustice of requiring the defendant-counterclaimant to post security without affording reciprocal protection.

*Result Shipping,* at 400 (quoting *Titan Navigation,* 808 F.2d at 404)(emphasis added).

Moreover, as is set forth above, granting Defendant's motion would have the unwarranted and inequitable effect of giving Defendant 100% security on its counterclaim, whereas Plaintiff would be secured only to the extent of roughly 9% of its claim. "The purpose of posting a counter-security is to place the parties on an equal basis insofar as security is concerned. Consequently, courts generally **do not** allow counter-securities in excess of the original claim and generally do not require counter-security where no security has been posted. The plaintiff may be excused from posting a counter-security 'for cause shown.'" See *Bay Casino, LLC v. M/V Royal Empress*, 1999 U.S. Dist. LEXIS 22357 at *11 (E.D.N.Y. 1999) (emphasis supplied) (citing *Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 403 (5th Cir. 1987)). In *Bay Casino*, the court held that requiring plaintiff to post countersecurity would not "place the parties on equal footing as the rulemakers intended." *Id.*

Defendant's motion papers recognize the fact that countersecurity, if and when granted under Supplemental Rule E(7)(a), is to place the parties on equal footing. *See* Defendant's Memorandum of Law at 4. Yet, despite this acknowledgement, Defendant unabashedly requests an order requiring Plaintiff to post countersecurity in an amount exceeding the current attachment of its property by the sum of $1,922,576.47! Supplemental Rule E(7) and precedent do not countenance such inequity. In *Finecom Shipping Ltd. v. Multi Trade Enterprises AG*, 2005 U.S. Dist. LEXIS 25761; 2005 AMC 2952 (S.D.N.Y. 2005), Judge Lynch recognized the inequity presented by a motion such as Defendants and limited the countersecurity awarded to the defendant, reasoning as follows:

> Defendant argues that the Court should award security in the full amount of its counterclaim, noting that there is authority that in exercising its discretion, the Court

4

need not be governed by the amount of the bond given by the original defendant nor even by the size of the counterclaim, but should set the bond in an amount that is "just and reasonable under all the circumstances." *Spriggs v. Hoffstot*, 240 F.2d 76, 80 (4th Cir. 1957). Assuming this is so, given that the Court has no way to determine whether either party's claim is stronger than the other's, ***the goal of placing the parties in a position of equality seems best served by ordering plaintiff to provide security in the same amount, $ 30,000, as the plaintiff has succeeded in attaching defendant's assets, and to provide additional security matching any additional property plaintiff is able to restrain*** in the future, up to a maximum of $ 917,854.20, the amount of defendant's counterclaim.

*Finecom,*, 2005 U.S. Dist. LEXIS 25761 at *5-*6. In line with *Bay Casino, supra,, Titan Navigation, supra*, and *Finecom*, the Court should, at most, only partially grant Defendant's Motion for Countersecurity in an amount "placing the parties in a position of equality," *i.e.* $154,597.43. Such an order, and only such an order, would place the parties on equal footing as regards security, just as the rule makers intended.

## CONCLUSION

For all the foregoing reasons, the Court should exercise its discretion and only partially grant Defendant's Motion for Countersecurity in the sum of $154,597.43.

Dated: February 9, 2007
   New York, NY

> The Plaintiff,
> CLIPPER SHIPPING LINES LTD.
>
> By: *[signature]*
> Patrick F. Lennon (PL 2162)
> TISDALE & LENNON, LLC
> 11 West 42nd Street, Suite 900
> New York, NY 10036
> (212) 354-0025 (Phone)
> (212) 869-0067 (Fax)
> plennon@tisdale-lennon.com

## AFFIRMATION OF SERVICE

I hereby certify that on February 9, 2007, a copy of the foregoing Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: /s/ Patrick F. Lennon

Patrick F. Lennon