UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLIPPER SHIPPING LINES LTD.,

    Plaintiffs,

- against -

GLOBAL TRANSPORTE OCEANICO
S.A.,

    Defendant.



**MEMORANDUM ORDER**
06 Civ. 15299(PKL)

**LEISURE, District Judge:**

    Global Transporte Oceanico, S.A. ("Global"), the defendant in this admiralty action, moves this Court for security for its counterclaim pursuant to Rule E(7) of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure. For the following reasons, Global's motion is granted in part.

**Background**

    Clipper Shipping Lines Ltd. ("Clipper"), a company organized and operating under the laws of Liberia with a principal place of business in Monrovia, and Global, a company organized under and exist by virtue of the laws of Brazil with a registered office in Rio de Janeiro, Brazil, contracted to operate a liner service between the east coast of South America and West Africa. This admiralty action arises from a dispute regarding that contract. The underlying dispute is the subject of arbitration before the International Court of Arbitration.

Clipper brought this action seeking security for its claims in that arbitration. On Clipper's ex parte application pursuant to Rule B of the Supplemental Rules, this Court entered an order authorizing process of attachment and garnishment of up to $1,644,192.40 of Global's property. Of this amount, Clipper states it has successfully attached $154,597.43.[1] Clipper has filed another attachment action in Switzerland for the same arbitrated claims, but it is unclear on the current record whether Clipper has successfully attached any of Global's property pursuant to that action. Global has made a counterclaim for $2,077,173.90 and now moves this Court for security for the full value of the counterclaim.

### Discussion

Rule E(7)(a) of the Supplemental Rules provides, in relevant part, that

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise.

This provision gives the district court "broad discretion in deciding whether to order countersecurity." Result Shipping v. Ferruzzi Trading USA, 56 F.3d 394, 399 (2d Cir. 1995). The Court of Appeals for the Second Circuit has identified two principles

---

[1] Global notes an inaccuracy of some fifty dollars in Clipper's arithmetic.

that should guide the district court in the exercise of its discretion: the district court should be mindful that, while the purpose of Rule E(7) is to "place the parties on an equality as regards security," "the Rule is not intended to impose burdensome costs on a plaintiff that might prevent it from bringing suit." Id. (quotation marks and citations omitted). Inherent in the district court's discretion in deciding whether to order countersecurity is discretion to determine the amount of the countersecurity. See Starboard Venture Shipping v. Casinomar Transp., 93 Civ. 644(SS), 1994 AMC 1320, 1993 U.S. Dist. LEXIS 15891, at *13, 1993 WL 464686, at *5 (S.D.N.Y. Nov. 8, 1993)(Sotomayor, J.)(citing Afram Lines International, Inc. v. M/V Captain Yiannis, 905 F.2d 347, 349 (11th Cir. 1990)).

Clipper does not dispute that Rule E(7) entitles Global to countersecurity; however, Clipper argues that it would be inequitable for Global to be secured for the full value of its counterclaim while Clipper is secured only for roughly nine percent of its claim. This position is consistent with the approach Judge Lynch recently took in a similar situation. In that case, as here, the value of the counterclaim that the defendant sought to secure exceeded the amount that the plaintiff had managed to attach as security for its original claim. Judge Lynch ordered the plaintiff to provide security in the same amount that it had succeeded in attaching and that it

provide additional security matching any additional property it should subsequently succeed in attaching. Finecom Shipping Ltd v. Multi Trade Enterprises AG, 05 Civ. 6695(GEL), 2005 AMC 2952, 2005 U.S. Dist. LEXIS 25761, at * 6, 2005 WL 2838611, at *2 (S.D.N.Y. Oct. 24, 2005). Other courts in this district, however, have granted security for the full value of the counterclaim even when it exceeds the value of the original claim, see Verton Navigation, Inc. v. Caribica Shipping Ltd., 90 Civ. 6940(JFK), 1991 U.S. Dist. LEXIS 6722, 1991 WL 90807 (S.D.N.Y. May 21, 1991), or have granted security in an amount less than the full value of the counterclaim but greater than the amount the plaintiff had succeeded in attaching, see Ythan Ltd. v. Americas Bulk Transport Ltd., 336 F.Supp.2d 305, 309 (S.D.N.Y. 2004). Such seemingly disparate results are not to be unexpected given that "'admiralty courts [are] courts of purest equity.'" Starboard Ventures, 1993 U.S. Dist. LEXIS 15891, at *14, 1993 WL 464686, at *5 (quoting Expert Diesel, Inc. v. The Yacht "Fishin' Fool",627 F.Supp. 432, 433 (S.D. Fl. 1986))(alteration in Starboard Ventures). The district court's exercise of its discretion will be governed by its sense of fairness and equality, which will necessarily be closely tied to the particular factual circumstances presented by a case.

Judge Lynch's approach in Finecom Shipping is the most appropriate here. This is so in part because the value of

Global's counterclaim is not substantially different from the value of Clipper's original claim. Accordingly, ensuring that the parties are secured for the same amount will "place the parties on an equality as regards security," Result Shipping, 56 F.3d at 399. To order that Clipper post security for the full value of Global's counterclaim would not achieve equality because Global has not posted security for the full value of Clipper's claim against it. It is worth noting that Clipper does not claim that the costs of posting countersecurity will be burdensome.

Global urges that its right to security for its claim should not be limited simply because the claim was brought as a counterclaim rather than as an original claim. In principle, this argument is appealing. However, Global has not sought to demonstrate to the Court that it would have been any more successful in securing its claim pursuant to Rule B than Clipper was. Rather, Global argues that its Rule B right would be most effective in this District because electronically transferred funds in the hands of an intermediary bank may be attached pursuant to Rule B and because these intermediary banks are often in New York. See Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 273, 278 (2d Cir. 2002). However, Clipper's counsel is aware of the holding in Winter Storm, see 310 F.3d at 263, and has been serving process on the garnishees on a daily basis (see

Harwood Decl. Ex. 1, Feb. 14, 2007); yet Clipper has managed to attach only nine percent of the value of its claim. The Court has no basis to believe that Global would be more successful and thus has no basis to believe that Global is disadvantaged by having filed a counterclaim rather than the original complaint.

### Conclusion

For the reasons set forth herein, Clipper is ordered to post a bond or other satisfactory security in the sum of $154,647.73 (giving Global the benefit of Clipper's miscalculation) and to provide additional security matching any additional property Clipper has restrained or is able to restrain in the future in any jurisdiction in connection with the underlying arbitration, up to a maximum of $2,077,173.90.

SO ORDERED.

New York, New York

February 26, 2007

                                                                U.S.D.J.